**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) <br>         Plaintiff, ) <br> vs. ) <br> Francisco Valle-Hurtado, ) <br>         Defendant. ) <br> ) | No. CR 99-759-018-TUC-CKJ <br><br> **ORDER** |

Pending before the Court are the pro se Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docs. 2390, 2392) filed by Francisco Valle-Hurtado ("Valle-Hurtado"). The Federal Public Defender filed a Notice RE: Pro Se Filing, stating it will not be filing a supplemental memorandum (Doc. 2391). The United States Probation Office has filed a Memorandum RE: Retroactive Criminal History Amendment of Chapter Four Zero-Point Offenders - Ineligible (Doc. 2393).

*Procedural Background*

According to the pre-sentence report ("PSR"), an estimated one-ton shipment of cocaine came through a tunnel between Mexico and the United States and was delivered to a ranch on Sandario Road in Tucson, Arizona. Valle-Hurtado, who had driven a number of prior loads and was typically armed, along with others, transported the load from the ranch to Los Angeles. PSR, ¶ 11. "Trial testimony by Jose Loya, Miguel Lopez, Ricardo Dozal, and Rodolfo Amaya showed that Valle-Hurtado was present during the importation, transportation, and/or storage of cocaine loads. Testimony also showed that he possessed the

fully automatic AK-47 seized on November 7, 1998." PSR, ¶ 18.

A jury convicted Valle-Hurtado on October 31, 2007, of three counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846; and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(B)(ii) (Doc. 2128). The drug counts carried a 10-year mandatory- minimum sentence, 21 U.S.C. § 8419b)(10(A), and the firearm count carried a 30-year mandatory-consecutive-minimum sentence, 18 U.S.C. § 924(c)(1)(B)(ii). Valle-Hurtado's crimes involved 21,715pounds of cocaine, which is 9,848 kilograms. (Doc. 2202, Trans. Sent. Hrg., 5/29/2008 at 2:19 to 3:2). Pursuant to the United States Sentencing Guidelines ("USSG"), Valle-Hurtado's offense level was 38 and his criminal history category was I. (*Id*. at 10:7-10; 17:19-20). Valle-Hurtado entered into an agreement under which he would not be sentenced on the firearm count in exchange for a stipulated sentence of 20-40 years in prison and his agreement not to appeal his conviction or sentences imposed on the other counts. (*Id*. at 3:14 to 7:24). On May 29, 2008, Valle-Hurtado was sentenced to 300 months in prison by the Hon. John M. Roll. (*Id*.; *see also* Doc. 2200). According to the Bureau of Prisons' website, Valle-Hurtado's projected release date is March 24, 2026.

*USSG Amendment 821*

A judgment of conviction that includes a sentence of imprisonment may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). This section establishes an exception to the general rule of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010). The statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Under this provision, the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that

has been lowered by the Sentencing Commission.

The Court must first determine if a retroactive amendment to the USSG lowered a defendant's guideline range and whether a reduction is consistent with the applicable policy statements.  *Dillon*, 560 U.S. at 826.  The Court must then consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  However, 18 U.S.C. § 3582(c)(2) does not authorize a reduction in a defendant's term of imprisonment as not consistent with the policy statement if an "amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  USSG 1B1.10(a)(2)(B); *see also* USSG 1B1.10, Application Note 1.

Amendment 821 to the USSG took effect November 1, 2023, and applies retroactively.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); Amendment 821, United States. Sentencing Commission, https://www.ussc.gov/guidelines/amendment/821 (last accessed March 18, 2024).  Amendment 821 is bifurcated into Parts A and B.

Part A of Amendment 821 limits the criminal history impact of "status points" under USSG. § 4A1.1.  Specifically, with regard to such "status points, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points.  Amendment 821 amends § 4A1.1 to eliminate such status points for any defendant who otherwise has six or fewer criminal history points and apply one point, instead of two, for defendants who otherwise present seven or more criminal history points.  Valle-Hurtado is not eligible for a sentence reduction under Part A because the application of Amendment 821 does not have the effect of lowering his guideline range.

"Part B, Subpart 1 of the amendment provides a two-level reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria."  *United States v. Mariscal-Sanabia*, No. 219CR00251GMNNJK6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024), *quoting United*

*States v. Diaz-Diaz*, No. CR19-0187-JCC, 2023 WL 9040636, at *1 (W.D. Wash. Dec. 29, 2023). However, to receive such an adjustment, a defendant must meet all of the following criteria:

>   (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
>   (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
>   (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
>   (4) the offense did not result in death or serious bodily injury;
>
>   (5) the instant offense of conviction is not a sex offense;
>
>   (6) the defendant did not personally cause substantial financial hardship;
>
>   (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>   (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
>   (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
>   (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

USSG § 4C1.1(a).

In this case, Valle-Hurtado argues the criminal history category should not have included his prior conviction pursuant to the agreement of the parties and the staleness of the conviction. However, the Court may not consider such arguments as "they are outside the scope of the proceeding authorized by § 3582(c)(2)[.]" *Dillon v. United States*, 560 U.S. 817, 831 (2010) (Section "3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission."). Further, even if the Court had the authority to consider such arguments and agreed with Valle-Hurtado, he would still not be eligible for relief. Although the agreement of the parties included a provision that he would not be sentenced on the firearm charge, Valle-Hurtado

did possess a firearm in connection with the offense. USSG § 4C1.1(a)(7). Under the plain terms of the sentencing guideline, this provision does not require a conviction or related sentence for such possession, just that the offender had possession. Valle-Hurtado, therefore, does not meet the criteria set forth in USSG § 4C1.1(a) and is not eligible for relief.

Accordingly, IT IS ORDERED:

1. The Motions for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Docs. 2390, 2392) are DENIED.

2. The Clerk of Court shall mail a copy of this Order to Valle-Hurtado at the following address:

> Francisco Valle-Hurtado # 67426-180
> FCI Oakdale II
> P. O. Box 5010
> Oakdale, LA  71463

DATED this 26th day of March, 2024.

_____
Cindy K. Jorgenson
United States District Judge